IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

LEEANN LOEFFELHOLZ,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C09-1043

RULING ON JUDICIAL REVIEW

## TABLE OF CONTENTS

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PRIOR PROCEEDINGS. . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.    *Medical-Vocational Guidelines*. . . . . . . . . . . . . . . . . . 3
    B.    *Loeffelholz's RFC*. . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.    *Credibility Determination*. . . . . . . . . . . . . . . . . . . . 6

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## I. INTRODUCTION

This matter comes before the Court on the Complaint (docket number 3) filed by Plaintiff Leeann Loeffelholz on October 26, 2009, requesting judicial review of the Social Security Commissioner's decision to deny her applications for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits. Loeffelholz asks the Court to reverse the decision of the Social Security Commissioner ("Commissioner") and order the Commissioner to provide her disability insurance benefits and SSI benefits.

In the alternative, Loeffelholz requests the Court to remand this matter for further proceedings.

## II. PRIOR PROCEEDINGS

On October 13, 2006, Loeffelholz applied for both disability insurance benefits and SSI benefits. In her applications, Loeffelholz alleged an inability to work since April 15, 2006 due to an enlarged liver, kidney problems, fibromyalgia, irritable bowel syndrome, pain, and headaches. Her applications were denied initially and upon reconsideration. On December 29, 2008, Loeffelholz appeared with counsel, via video conference, before ALJ Debra Bice for an administrative hearing. In a decision dated April 21, 2009, the ALJ denied Loeffelholz's claims. The ALJ determined that Loeffelholz was not disabled and was not entitled to disability insurance benefits or SSI benefits because she was functionally capable of performing work that exists in significant numbers in the national economy. Loeffelholz appealed the ALJ's decision. On August 24, 2009, the Appeals Council denied Loeffelholz's request for review. Consequently, the ALJ's April 21, 2009 decision was adopted as the Commissioner's final decision.

On October 26, 2009, Loeffelholz filed this action for judicial review. The Commissioner filed an answer on March 30, 2010. On June 8, 2010, Loeffelholz filed a brief arguing there is not substantial evidence in the record to support the ALJ's finding that she is not disabled and that there is other work she can perform. On September 7, 2010, the Commissioner filed a responsive brief asserting remand is necessary for the ALJ to "reconsider the evidence at step five of the sequential evaluation process."[1] On February 24, 2010, both parties consented to proceed before a magistrate judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

## III. ANALYSIS

Loeffelholz argues that the ALJ erred in three respects. First, Loeffelholz argues that the ALJ failed to fully and fairly develop the record with regard to her residual

---

[1] See Commissioner's Brief (docket number 18) at 2.

functional capacity ("RFC"). Second, Loeffelholz argues that the ALJ failed to properly evaluate her subjective allegations of disability. Lastly, Loeffelholz argues that the ALJ erred in applying the Medical-Vocational Guidelines at step five of the five-step sequential analysis.

### A. *Medical-Vocational Guidelines*

The Court begins with Loeffelholz's third argument because both parties agree that at step five of the sequential analysis, the ALJ erred in her application of the Medical-Vocational Guidelines; and therefore, the case should remanded for further consideration.[2] Specifically, the Commissioner points out that:

> [T]he ALJ found that [Loeffelholz] was unable to return to her past relevant work because her RFC was for less than the full range of light work. The ALJ acknowledged that [Loeffelholz] changed her age category to closely approaching advanced age, and that she had only a marginal education[.] The ALJ found that, based on [Loeffelholz's] RFC for light work, Medical-Vocational Rules 202.11 and 202.18 directed a finding of not disabled. The ALJ then found that [Loeffelholz] was able to perform other work, including work as an order clerk, a clerical addresser, a telephone quote clerk, and a cutter. However, at the hearing, the vocational expert testified that each of the jobs the ALJ identified was a sedentary job, rather than a light job. If [Loeffelholz] can perform only sedentary work, Medical-Vocational Rule 201.09 would direct a finding of disabled at age 50.

*See* Commissioner's Brief (docket number 18) at 17-18; *see also* Loeffelholz's Brief (docket number 15) at 19-22 (providing same argument as Commissioner). The Commissioner, therefore, concludes that remand is "appropriate for further consideration

---

[2] The "Medical-Vocational Guidelines" contain tables called "grids" which contain various combinations of RFC, age, education, and other criterion. In some instances, the Social Security Administration uses these grids to determine whether a claimant is disabled. *See Hunt v. Heckler*, 748 F.2d 478, 480 (8th Cir. 1984); 20 C.F.R. part 404, subpart P, appendix 2.

3

based on the ALJ's incorrect application of the Medical-Vocational Guidelines[.]"[3] The Commissioner asks the Court to direct the ALJ to "update" the record and obtain vocational expert testimony citing to specific unskilled light jobs. Having reviewed the entire record, and considered the parties' arguments, the Court finds that the ALJ erred at step five of the sequential analysis, and remand is necessary for proper consideration of Loeffelholz's ability to work at jobs that exist in significant numbers in the national economy based on her age, education, previous work experience, and RFC. Additionally, in making her determination at step five, the ALJ must obtain vocational expert testimony regarding Loeffelholz's ability to perform competitive work in the national economy.

## B. Loeffelholz's RFC

Loeffelholz argues that the ALJ failed to fully and fairly develop the record with regard to her RFC. Specifically, Loeffelholz argues that this matter should be remanded so that the ALJ can order a comprehensive consultative evaluation, including medical record review and a statement of work-related limitations. Loeffelholz maintains that following such an evaluation, the ALJ should reconsider her RFC determination in light of the findings of the new consultative evaluation. Loeffelholz points out that "[o]f the medical reports in the record, more than sixty are dated after the last review by a non-examining state agency medical or psychological consultant in June 2007."[4] For example, medical records show that Loeffelholz began seeing a therapist for mental health issues in late June 2007, and continued to see the therapist through September 2008.[5] Similarly,

---

[3] See Commissioner's Brief (docket number 18) at 18.

[4] See Loeffelholz's Brief (docket number 15) at 15; see also Administrative Record at 447-50 (consultative psychological evaluation, dated November 27, 2006); 452-65 (DDS Psychiatric Review Technique form, dated January 18, 2007); 732-39 (DDS Physical RFC form, dated June 1, 2007).

[5] See Administrative Record at 830-65.

Loeffelholz was diagnosed with Sjogren's Syndrome and fibromyalgia in April 2008.[6] Thus, Loeffelholz concludes that this matter should be remanded for further development of the record with a consultative evaluation that takes into account her entire medical history, and further consideration of her RFC.

An ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *Guilliams*, 393 F.3d at 803; *see also Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (same). Relevant evidence for determining a claimant's RFC includes "'medical records, observations of treating physicians and others, and an individual's own description of his [or her] limitations.'" *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)). However, "RFC is a medical question, and an ALJ's finding must be supported by some medical evidence." *Guilliams*, 393 F.3d at 803 (citing *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004)). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184(S.S.A.).

An ALJ also has a duty to develop the record fully and fairly. *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007); *Sneed v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004); *Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998). Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 F.3d at 1138 (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)).

Additionally, an ALJ may order medical examinations and tests when the medical records presented to him or her constitute insufficient medical evidence to determine whether the claimant is disabled. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) (citation omitted); *see also* 20 C.F.R. § 404.1519a(a)(1) ("The decision to purchase a consultative examination . . . will be made after we have given full consideration to

---

[6] *See* Administrative Record at 795-96.

whether the additional information needed is readily available from the records of your medical sources."). Furthermore, 20 C.F.R. § 404.1519a(b) provides that "[a] consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on . . . [the] claim." *Id.* For example, a consultative examination should be purchased when "[t]he additional evidence needed is not contained in the records of your medical sources." 20 C.F.R. § 404.1519a(b)(1).

The Court notes that in requesting remand of this case, the Commissioner asked the Court to direct the ALJ to "update" the record. In light of that request, and due to the fact that no consultative or non-consultative evaluation or examination has been performed for Loeffelholz in over three years, the Court believes that remand is appropriate, and the ALJ should order a consultative evaluation, including full medical review of the updated record and a statement of work-related limitations. *See Barrett*, 38 F.3d at 1023. Additionally, the ALJ should reconsider Loeffelholz's RFC in light of the updated record and results of the consultative evaluation. *See Guilliams*, 393 F.3d at 803.

## C. Credibility Determination

Loeffelholz argues that the ALJ failed to properly evaluate her subjective allegations of disability. Loeffelholz maintains that the ALJ's credibility determination is not supported by substantial evidence. The Commissioner argues that the ALJ properly considered Loeffelholz's testimony and properly evaluated the credibility of her subjective complaints.

When assessing a claimant's credibility, "[t]he [ALJ] must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions." *Polaski*,

739 F.2d at 1322. The absence of objective medical evidence to support a claimant's subjective complaints is also a relevant factor for an ALJ to consider. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (citation omitted). The ALJ, however, may not disregard a claimant's subjective complaints "solely because the objective medical evidence does not fully support them." *Polaski*, 739 F.2d at 1322; *see also Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006) ("In discrediting subjective claims, the ALJ cannot simply invoke *Polaski* or discredit the claim because they are not fully supported by medical evidence.").

Instead, "'[a]n ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole.'" *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (quoting *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997)); *see also Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) ("The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole."). If an ALJ discounts a claimant's subjective complaints, he or she is required to "'detail the reasons for discrediting the testimony and set forth the inconsistencies found.'" *Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008) (quoting *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003)); *see also Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998) ("When rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth inconsistencies, and must discuss the *Polaski* factors."). Where an ALJ seriously considers, but for good reason explicitly discredits a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) (citing *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996)); *see also Guilliams*, 393 F.3d at 801 (explaining that deference to an ALJ's credibility determination is warranted if the determination is supported by good reasons and substantial evidence); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ

explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination."). "'The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts.'" *Wagner*, 499 F.3d at 851 (quoting *Pearsall*, 274 F.3d at 1218).

In her decision, the ALJ properly set forth the law for making credibility determinations under *Polaski* and the Social Security Regulations.[7] The ALJ concluded that Loeffelholz's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with [her] residual functional capacity assessment."[8] While the ALJ's decision provides some examples of inconsistencies between Loeffelholz's subjective allegations of disability and the medical evidence in the record, the ALJ provides no discussion of the *Polaski* factors. Because the ALJ's decision lacks full consideration of all of the *Polaski* factors, the Court determines that remand is appropriate for the ALJ to further develop the record with regard to Loeffelholz's credibility. Moreover, as discussed in section *III.B* of this Ruling, the Court finds that the ALJ must update the record, including a consultative evaluation with full updated medical record review and statement of work-related limitations. Therefore, the Court also finds that further consideration of Loeffelholz's credibility is necessary in light of the updated record and consultative evaluation. Accordingly, on remand, the ALJ shall set forth in detail her reasons for finding Loeffelholz's subjective allegations to be credible or not credible. If on remand, the ALJ finds Loeffelholz's testimony not to be credible, the ALJ shall fully explain the reasons for her credibility determination and fully explain the inconsistencies between Loeffelholz's subjective allegations and the evidence in the record.

---

[7] *See* Administrative Record at 13-14.

[8] *Id.* at 15.

## IV. CONCLUSION

Because the Commissioner requests a remand pursuant to sentence four of 42 U.S.C. § 405(g),[9] the Court must conduct a plenary review of the record and provide a substantive ruling regarding the case. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Court has reviewed the entire record in this matter, and finds that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with directions to: (1) update the record, including a new consultative evaluation with a statement of work-related limitations, (2) reconsider Loeffelholz's RFC and credibility determination in light of the updated record, and (3) determine at step five of the sequential analysis whether Loeffelholz has the ability to work at jobs that exist in significant numbers in the national economy based on her age, education, previous work experience, and RFC.[10]

## V. ORDER

For the foregoing reasons, it is hereby **ORDERED**:

This matter is **REVERSED** and **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

DATED this 22nd day of November, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[9] 42 U.S.C. § 405(g) provides in pertinent part:
> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

[10] In making her determination at step five, the ALJ must obtain vocational expert testimony on that issue.